1
2
3
4
5
6
7
8                                      UNITED STATES DISTRICT COURT
9                                    CENTRAL DISTRICT OF CALIFORNIA
10

11   HEZEKIAH BERNARD DRAYTON,          Case No. EDCV 15-1368 DOC(JC)

12                 Plaintiff,           ORDER DISMISSING COMPLAINT
                                        WITH LEAVE TO AMEND
13           v.

14   UNITED STATES,

15
                 Defendant.
16

17

## I.    BACKGROUND AND SUMMARY

On July 8, 2015, plaintiff Hezekiah Bernard Drayton ("plaintiff"), who is currently in custody at the United States Penitentiary at Hazelton, West Virginia ("USP Hazelton") and has been granted leave to proceed *in forma pauperis*, filed a *pro se* Civil Rights Complaint ("Complaint")[1] with attached exhibits ("Complaint Exhibits") purportedly raising claims under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) and the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.* ("FTCA") against a single defendant, the United

---

[1]Since internal page numbering for the Complaint is inconsistent, for ease of reference the Court cites to the Complaint pages in the order in which they appear, beginning with page one.

1    States.  (Complaint at 1, 4).  Very liberally construed, the Complaint appears to seek

2    monetary relief based on the alleged negligence of multiple officials with USP

3    Hazelton and with the United States Penitentiary at Victorville, California ("USP

4    Victorville") where plaintiff was previously housed.  (Complaint at 6-8).

5         Because the Complaint is deficient in multiple respects, including those

6    detailed below, it is dismissed with leave to amend.

7    **II.      GOVERNING LEGAL STANDARDS**

8         Federal courts are courts of limited jurisdiction.  Kokonnen v. Guardian Life

9    Insurance Co., 511 U.S. 375, 377 (1994).  The Court may raise the absence of

10   subject matter jurisdiction *sua sponte*, and must dismiss an action if it determines at

11   any time that it lacks subject matter jurisdiction.  See Fed. R. Civ. P. 12(h)(3) (if

12   court determines at any time that it lacks subject matter jurisdiction, it must dismiss

13   action); Steel v. Citizens for a Better Environment, 523 U.S. 83, 94-95 (1998)

14   (court bound to ask and answer for itself, whether it has jurisdiction, even when not

15   otherwise suggested); Fiedler v. Clark, 714 F.2d 77, 78 (9th Cir. 1983) (federal

16   court may dismiss *sua sponte* if jurisdiction lacking).

17        Further, as plaintiff is a prisoner proceeding *in forma pauperis* on a civil

18   rights complaint against governmental defendants, the Court must screen the

19   Complaint, and is required to dismiss the case at any time it concludes the action is

20   frivolous or malicious, fails to state a claim on which relief may be granted, or

21   seeks monetary relief against a defendant who is immune from such relief.  See

22   28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c).

23        In determining whether a complaint fails to state a viable claim for purposes

24   of screening, the Court applies the same pleading standard from Rule 8 of the

25   Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion

26   to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See Wilhelm v. Rotman,

27   680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  Under Rule 8, a complaint

28   must contain a "short and plain statement of the claim showing that the pleader is

1  entitled to relief." Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not require detailed

2  factual allegations, a complaint must contain "more than an unadorned, the-

3  defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678

4  (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007))

5  (quotation marks omitted).  "[W]ell-pleaded factual allegations" in a complaint are

6  presumed true, while "[t]hreadbare recitals of the elements of a cause of action"

7  (*i.e.*, legal conclusions) and "legal conclusions couched as a factual allegation" are

8  not.  Id. (citation and quotation marks omitted).

9       Thus, to survive screening, a civil rights complaint must "contain sufficient

10  factual matter, accepted as true, to state a claim to relief that is plausible on its

11  face."  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) (citations and

12  quotation marks omitted).  A claim is "plausible" when the facts alleged in the

13  complaint would support a reasonable inference that the plaintiff is entitled to relief

14  from a specific defendant for specific misconduct.  Iqbal, 556 U.S. at 678 (citation

15  omitted).  Allegations that are "merely consistent with" a defendant's liability, or

16  reflect only "the mere possibility of misconduct" do not "*show[]* that the pleader is

17  entitled to relief" (as required by Fed. R. Civ. P. 8(a)(2)), and thus are insufficient

18  to state a claim that is "plausible on its face."  Id. at 678-79 (citations and quotation

19  marks omitted).

20       *Pro se* complaints in civil rights cases are liberally construed to give

21  plaintiffs "the benefit of any doubt."  Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir.

22  2012) (citation and internal quotation marks omitted).  If a *pro se* complaint is

23  dismissed for failure to state a claim, the court must "freely grant leave to amend" if

24  it is "at all possible" that the plaintiff could correct pleading deficiencies by alleging

25  different or new facts.  Cafasso v. General Dynamics C4 Systems, Inc., 637 F.3d

26  1047, 1058 (9th Cir. 2011) (citation omitted); Lopez v. Smith, 203 F.3d 1122,

27  1126-30 (9th Cir. 2000) (en banc) (citation omitted).

28  ///

1   ///

2

3   **III.   THE COMPLAINT**

4        Liberally construed, the Complaint essentially alleges the following:

5        On April 22, 2012, while plaintiff was an inmate at USP Victorville, Officer

6   S. Torres escorted plaintiff from a special housing unit to an outside appointment

7   while plaintiff was in "full restraints." (Complaint at 6).  Officer Torres failed to

8   have a second officer with him while escorting plaintiff, which was a violation of

9   USP Victorville rules.  (Complaint at 6).  Operation Lieutenant Patterson identified

10  plaintiff "to leave," but "did nothing about providing a second officer to help

11  [Officer] Torres escort plaintiff." (Complaint at 6).  As a result, plaintiff tripped

12  and fell face down on the ground, which caused plaintiff to sustain injuries to his

13  face, shoulders, arms, and neck.  (Complaint at 6-7).  Thereafter Lieutenant

14  Patterson still did nothing to provide a second officer to help Officer Torres escort

15  plaintiff.  (Complaint at 6-7).

16       In December 2012, Dr. Ross Quinn had plaintiff's neck x-rayed, which

17  revealed a bump on plaintiff's neck.  (Complaint at 7).  From December 2012 to

18  July 23, 2013, Dr. Quinn failed to provide reasonable care to plaintiff for his neck

19  injury, which aggravated plaintiff's condition, and caused plaintiff to suffer

20  additional pain.  (Complaint at 7).

21       In December 2012, Dr. Angel Ortiz reviewed plaintiff's x-ray with Dr.

22  Quinn, saw the bump on plaintiff's neck, but failed to provide plaintiff with

23  reasonable care for his neck condition.  (Complaint at 7).  As a result, plaintiff

24  suffered additional pain and injury.  (Complaint at 7).

25       On February 13, 2013, Dr. Jesus Fernandez claimed that he ordered an MRI

26  to evaluate plaintiff's April 22, 2012 spine injury, but as of July 23, 2013, no MRI

27  had been performed.  (Complaint at 7).  As a result, plaintiff's neck condition was

28  aggravated and plaintiff suffered additional pain.  (Complaint at 7).

1        On July 23, 2013, plaintiff was transferred from USP Victorville to USP

2   Hazelton.  (Complaint at 7).

3        On February 12, 2014, Dr. Chris Vasilakis sent a request to Dr. Gregory S.

4   Mims, III to provide plaintiff with a stronger medication for his pain, and to have

5   plaintiff evaluated for possible spine surgery.  (Complaint at 7).  As of the date the

6   Complaint was drafted, Dr. Mims had not complied with Dr. Vasilakis' request.

7   (Complaint at 7-8).  Dr. Mims failed to provide reasonable care for plaintiff's neck

8   injury.  (Complaint at 8).  As a result, plaintiff's neck condition was aggravated and

9   plaintiff suffered additional pain.  (Complaint at 7-8).

10       The Complaint alleges that the foregoing violated plaintiff's rights under the

11  FTCA.  (Complaint at 6) (citing 28 U.S.C. §§ 1346(b), 2671 *et seq.*).

12  **IV.    DISCUSSION**

13       First, to the extent the Complaint against the United States is predicated on

14  Bivens, it fails to state a claim as a matter of law and must be dismissed.  To state a

15  claim for relief under Bivens, a plaintiff must allege that "a federal officer deprived

16  him of his constitutional rights."  Serra v. Lappin, 600 F.3d 1191, 1200 (9th Cir.

17  2010) (citation omitted).  A plaintiff may not maintain a Bivens action against the

18  United States or its agencies.  See Federal Deposit Insurance Corp. v. Meyer, 510

19  U.S. 471, 484-85 (1993).  The United States may be sued only to the extent that it

20  has waived sovereign immunity and expressly consented to suit.  See id. at 475

21  (1993); Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985).  The United

22  States has not waived sovereign immunity with respect to constitutional claims.

23  Rivera v. United States, 924 F.2d 948, 951 (9th Cir. 1991).

24       Second, to the extent the Complaint attempts to state a negligence claim

25  against any of the mentioned individual actors, it likewise fails to state a claim

26  under Bivens as a Bivens action may only be brought against a responsible federal

27  official in his or her individual capacity for money damages predicated on

28  *constitutional* violations, not negligence.  See Serra, 600 F.3d 1191, 1200 (9th Cir.

5

2010) ("To state a claim for relief under *Bivens*, a plaintiff must allege that a federal officer deprived him of his constitutional rights.") (citation omitted); <u>see also</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); <u>O'Neal v. Eu</u>, 866 F.2d 314, 314 (9th Cir.) (plaintiff must plead more than merely negligent act by federal official in order to state colorable claim under <u>Bivens</u>), <u>cert. denied</u>, 492 U.S. 909 (1989); <u>Hutchinson v. United States</u>, 838 F.2d 390, 394 (9th Cir. 1988) ("mere negligence" insufficient to establish constitutional violation) (citation omitted).

Third, to the extent the Complaint asserts an FTCA claim against the United States, it must be dismissed because it fails to allege compliance with the FTCA's jurisdictional administrative exhaustion requirement.  A federal court does not have subject matter jurisdiction over an FTCA claim unless the plaintiff first presented the underlying tort claim to the "appropriate Federal agency" and the claim was "finally denied" by the agency.[2]  <u>See</u> 28 U.S.C. § 2675(a) (stating same and noting that failure of agency to make final disposition of claim within sixth months after filing may be deemed final denial of claim); <u>McNeil v. United States</u>, 508 U.S. 106,

---

[2]Exhaustion under the FTCA is distinct from exhaustion under the Prison Litigation Reform Act ("PLRA") and exhaustion of a claim under the latter does not constitute exhaustion under the former. <u>See</u> <u>Champion v. Smith</u>, 2012 WL 930858, *2 (E.D. Cal. Mar. 19, 2012) ("[T]he exhaustion requirements under the PLRA and the Federal Tort Claims Act . . . are separate and distinct, and the satisfaction of one does not constitute satisfaction[ ] of the other.") (citations and internal quotation marks omitted); <u>Walker v. United States</u>, 2009 WL 3011626, *4 (E.D. Cal. Sep. 17, 2009) ("[E]xhaustion of FTCA claims is not governed by the PLRA."); <u>Smith v. United States</u>, 2011 WL 4591971, *4 (E.D. Ky. Sept. 30, 2011) ("The FTCA, which concerns both prisoners and non-prisoners, has its own exhaustion process which is completely separate from and independent of the BOP's four-step administrative process . . . . that an inmate must follow to exhaust a *Bivens* claim."). Here, it appears from the Complaint Exhibits that plaintiff at least attempted to exhaust his claims under the PLRA. However, notwithstanding the fact that one Complaint Exhibit reflects that a BOP official advised plaintiff that "a tort claim" was to be "filed with the Region on Form SF-95," and that such BOP official supplied plaintiff with a copy of such pertinent form, there is no indication that plaintiff completed such form or otherwise exhausted his claims under the FTCA.

111-13 (1993) (strictly construing administrative exhaustion requirement in 28 U.S.C. § 2675(a) and holding that FTCA action filed before exhaustion completed could not proceed in district court); Brady v. United States, 211 F.3d 499, 502-03 (9th Cir. 2000) (administrative exhaustion requirement in 28 U.S.C. § 2675(a) is jurisdictional), cert. denied, 531 U.S. 1037 (2000); cf. United States v. Kwai Fun Wong, 135 S. Ct. 1625, 1632-33 (FTCA statute of limitations contained in 28 U.S.C. § 2401(b) not jurisdictional); see also 28 C.F.R. §§ 543.30-32 (setting forth procedures for presenting FTCA claims to BOP).  A plaintiff has the burden to plead and prove compliance with the FTCA administrative claim requirements. See, e.g., Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980) (administrative claim presentation is jurisdictional prerequisite to bringing of suit under FTCA and as such, should be affirmatively alleged in complaint; district court may dismiss complaint for failure to allege such jurisdictional prerequisite); Bruce v. United States, 621 F.2d 914, 918 (8th Cir. 1980) (district court lacked subject matter jurisdiction over FTCA claim because plaintiff "failed to allege compliance with the [FTCA] administrative claim procedure set forth in 28 U.S.C. [§] 2675"); Franklin v. United States, 2013 WL 2902844, *2 (E.D. Cal. June 13, 2013) (dismissing FTCA claim where pro se plaintiff in BOP custody "failed to allege facts sufficient to satisfy the Court that he [] complied with the exhaustion requirements of the FTCA [under 28 U.S.C. § 2675]"); Connors v. Heywright, 2003 WL 21087886, *4 (S.D.N.Y. May 12, 2003) (dismissing FTCA claim without prejudice where "complaint [did] not allege compliance with the [administrative exhaustion] requirements of the FTCA").

**V.    ORDERS**

In light of the foregoing, IT IS HEREBY ORDERED:

1.    The Complaint is dismissed with leave to amend.  If plaintiff intends to pursue this matter, he shall file a First Amended Complaint within fourteen (14) days of the entry of this Order which cures the pleading defects set forth herein.  If,

1  in light of the contents of this Order, plaintiff elects not to proceed with this action,

2  he may expedite matters by signing and returning the attached Notice of Dismissal

3  by the foregoing deadline which will result in the voluntary dismissal of this action

4  without prejudice.

5       2.  **Plaintiff is cautioned that, absent further order of the Court,**

6  **plaintiff's failure timely to file a First Amended Complaint or Notice of**

7  **Dismissal, may result in the dismissal of this action with or without prejudice**

8  **on the grounds set forth above and/or for failure diligently to prosecute.**

9      IT IS SO ORDERED.

10

11  DATED: <u>09/14/15</u>

12

13  _____

14        HONORABLE DAVID O. CARTER
      UNITED STATES DISTRICT JUDGE

15

16  Attachment

17

18

19

20

21

22

23

24

25

26

27

28